MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

OWEN P. MARTIKAN (CABN 177104)
Assistant United States Attorney
   450 Golden Gate Ave., Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7200
   Fax: (415) 436-7234
   E-Mail: owen.martikan@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br>    Plaintiff, </br></br>v. </br></br>TODD WILLIAM GROWNEY, </br></br>    Defendant. | No. CR 11-0195 CRB </br></br>DECLARATION OF DIANA RODRIGUEZ RE: THE UNITED STATES' OPPOSITION TO DEFENDANT'S MOTIONS TO SUPPRESS </br></br>Date: June 27, 2012 </br>Time: 10:00am </br>Place: Courtroom 6, 17th Floor |

RODRIGUEZ DEC. RE: USA OPP. TO MOT'NS TO SUPPRESS
CASE No. CR 11-0195 CRB

DECLARATION OF DIANA V. RODRIGUEZ

I, Diana V. Rodriguez, declare:

1.  I am over 18 years old, I am competent to make this declaration, and I have personal knowledge of the following facts.

2.  I am employed as a Customs Officer by the Customs and Border Protection, a division of the United States Department of Homeland Security. I have worked in this position for 5 years. My duties include targeting of high risk passengers for terrorism, narcotics, smuggling and fraudulent documents. On January 24, 2009, I was working as a customs officer at San Francisco International Airport Alpha Side, when I encountered Todd William GROWNEY, who had arrived at customs after disembarking from a flight from Narita, Japan.

3.  Growney was selected for a secondary inspection after having been identified as having previously purchased access to websites containing child pornography. A true and correct copy of my report concerning this incident is attached hereto as Exhibit 1.

4.  Based on Growney's purchase to access websites containing child pornography, and because he had not been examined since 2005, I decided to request supervisory permission to examine his laptop. I also requested the assistance of fellow Officer J. De Luna. While examining the contents of Growney's laptop, Officer De Luna and I came across the following titles on the laptop that appeared to reference child pornography in their use of terms such as "Pedo," "Pedoland," "Asian Kids(10yo)Hard," and children's names followed by references to pre-teen ages:

    1.  (Phtc) 08yo Valya-28 ***.avi
    2.  ))(Kleuterkutje) (Kinderkutje)(Ptsc)(Pedo) jho Amber 8 B&B.mpg
    3.  Asian Kids(10yo)Hard.mpg
    4.  Nablot 1-4yo 9Yo 10Yo12Yo.avi
    5.  Pedoland-Ann 10Yo.avi

We tried to gain access to these files, but realized that they were inaccessible. Officer De Luna mentioned these files were unable to be viewed without an external or additional hard drive. Growney's demeanor changed, exhibiting signs of nervousness, pacing, and avoiding questions in regards to the files. I asked Growney if he had an additional or external hard drive. He said that he had a memory card. I repeated my question to Growney, emphasizing if he traveled with an additional or external hard drive. He then replied saying "that is at home with my main computer".

5.  Based on the names of the titles, and the inaccessibility of the files, I relayed the information to Chief I. Hylton. Sector was called to get a hold of the Duty Agent. HSI Special Agent Nogales returned the call and requested that I copy the titles, print them out, and detain the laptop for further review. A second binding declaration was taken from Growney confirming his ownership of his laptop. I asked him if he purchased the laptop new or used. He replied that it was given to him by his previous employer. I asked him if he had reformatted the laptop. He replied "yes" and that it "was still a mess." I asked Growney if he is the only one with access to this laptop, and he replied "yes."

6.     I took the laptop into the central administration area and requested assistance from CTR Officer D. Robins to try and gain access to Growney's laptop files. Officer Robins' attempts to access the files were unsuccessful. I decided that Growney's laptop should be detained for a more thorough forensic examination. At that time I prepared the Detention Notice for this laptop, a true and correct copy of which is attached hereto as Exhibit 2

7.     On February 2, 2009, I received an e-mail from HSI Special Agent Sacramento with the forensic results for the laptop, which identified 28 contraband files and links to websites that appear linked to child pornography. Agent Sacramento stated that SA Nogales is working on this case and would get back to him at a later time. The laptop, a Dell Inspiron 8600 with power cord, was seized on February 21, 2009, per form 6051s #3269945.

I declare under penalty of perjury according to the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Signed in Los Angeles, California, on June 3, 2012.

Diana V. Rodriguez