MELINDA HAGG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

LAURA VARTAIN HORN (CABN 258485)
Assistant United States Attorney
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6831
    Fax: (415) 436-7234
    Email: Laura.Horn@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 11-0195 CRB |
| Plaintiff, | NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING NINTH CIRCUIT OPINION IN UNITED STATES V. COTTERMAN |
| v. | |
| TODD WILLIAM GROWNEY, | DATE: March 13, 2013 |
| Defendant. | TIME: 2:00PM |

On March 8, 2013, the Ninth Circuit issued a decision in *United States v. Cotterman*, No. 09-10139 (9th Cir. March 9, 2013) (en banc). This decision is relevant to Defendant's pending motion to suppress, filed June 27, 2012 and scheduled for argument on Wednesday, March 13.[1] A copy of the decision is attached. Each of the Circuit's three holdings regarding border searches is relevant to the pending motion. In particular, the key holding of *Cotterman* that the government's forensic examination of Cotterman's computer was proper because it was supported by reasonable suspicion compels the same result here.

---

[1] Defendant simultaneously filed a Motion to Suppress Evidence and a separate Motion to Traverse Search Warrant Affidavit and Suppress Evidence. *United States v. Cotterman* is relevant only to the motion to suppress evidence.

NOTICE OF SUPPLEMENTAL AUTHORITY
Case No. CR 11-0195 CRB

First, the Ninth Circuit held that the forensic examination of a computer when the computer is transported beyond the point of entry is a border search, not an extended border search. *Cotterman*, at *15. In briefing on this pending motion, the government has characterized the search as an extended border search. (Opposition Brief at 10.) *Cotterman* makes clear that the forensic evaluation at issue is a border search, not an extended border search.

Second, the Ninth Circuit clarified the standard for a forensic examination, requiring a "showing of reasonable suspicion." *Cotterman*, at *28. This is the same standard the government argued applied here in opposing Defendant's motion. (Opposition Brief at 10.)

Third, the Ninth Circuit found that the government had reasonable suspicion to conduct the forensic evaluation of Cotterman's computer. In its analysis, the Ninth Circuit gave significant weight to the Treasury Enforcement Communication System ("TECS") alert on Cotterman indicating that he was a sex offender. The Ninth Circuit also found Cotterman's prior child-related conviction, frequent international travel, recent travel from a country known for sex tourism, and the existence of password protection files on the computer collectively to give rise to the reasonable suspicion of criminal activity and warranting a forensic examination. *Id.* at 30-31. Notably, the Ninth Circuit reached this conclusion even though no images of child pornography were found in the initial, non-forensic examination of Cotterman's electronic equipment.

The facts at issue on this motion plainly give rise to a reasonable suspicion to conduct the forensic examination. The agents were alerted to Defendant's prior connection to child pornography and on that basis initiated the initial, non-forensic search. (Opposition Brief at 11.) During the initial, non-forensic search of Defendant's computer, the agents found filenames indicative of child pornography. *Id.* When asked about these, Defendant was nervous and evasive. *Id.* Collectively, these facts give rise to reasonable suspicion that the computer seized would have evidence of child pornography. Because the border search was supported by reasonable suspicion, the images of child pornography located during that search cannot be suppressed and Defendant's motion should be denied.

///

///

NOTICE OF SUPPLEMENTAL AUTHORITY
Case No. CR 11-0195 CRB

1
2  DATED: March 11, 2013                             MELINDA HAAG
3                                                    United States Attorney
4                                                    _____/s/_____
5                                                    LAURA VARTAIN HORN
6                                                    Assistant United States Attorney
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF SUPPLEMENTAL AUTHORITY
Case No. CR 11-0195 CRB